IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JONATHAN T. DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-938 |
| | ) | |
| COUNTY OF SURRY, SHERIFF | ) | |
| STEVE C. HIATT, LIEUTENANT | ) | |
| RICHARDSON, DEPUTY | ) | |
| WHITAKER, DEPUTY JUSTIN | ) | |
| JONES, THE TRAVELERS | ) | |
| INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Catherine C. Eagles, Chief District Judge.

In this civil rights case involving a stop and seizure by a law enforcement officer of the plaintiff Jonathan Duncan, the defendants move to seal two exhibits filed in support of their summary judgment motion: a video of the incident taken from defendant Whitaker's body-worn camera and Mr. Duncan's medical records. Because the public has a First Amendment right of access to these materials, and no showing sufficient to overcome this right of access has been made, the motion will be denied. The Court will direct the defendants to re-file the video as set forth, *infra,* and the Clerk will unseal the medical records.

## I.     Legal Standard

The public has a right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). This right of public access derives from the First

Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *United States ex rel. Oberg v. Nelnet, Inc.,* 105 F.4th 161, 170–71 (4th Cir. 2024). When a party asks to seal judicial records, district courts "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Va. Dep't of State Police*, 386 F.3d at 576.

To determine whether the motion to seal should be granted, courts evaluate: (1) whether sealing the information serves a compelling interest, (2) whether in the absence of sealing, there is a substantial probability that the compelling interest will be harmed, and (3) if no alternatives would adequately protect the compelling interest. *See United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020). The compelling interest must be "narrowly tailored," and the moving party must present "specific reasons that justify restricting access to the information; conclusory assertions are not sufficient." *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017) (cleaned up); *see also Gray Media Grp., Inc. v. Loveridge*, 155 F.4th 330, 340 (4th Cir. 2025) ("The First Amendment right of public access is too precious to be foreclosed by conclusory assertions or unsupported speculation." (cleaned up)). If a court decides to seal judicial records, it must make specific findings and state the reasons for its decision to seal over less drastic alternatives. *Va. Dep't of State Police*, 386 F.3d at 576.

## II. Analysis and Findings

### A. Body-Worn Camera Video

"[T]he First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir.

2

2014); *Gray Media Grp.*, 155 F.4th at 339.  Materials related to a summary judgment motion can be "important to the public understanding of the court's summary judgment decision" and to public oversight of the courts.  *See Huntley v. Crisco*, No. 18-CV-744, 2020 WL 9815384, at \*1 (M.D.N.C. Sept. 25, 2020); *Pub. Citizen*, 749 F.3d at 267. Public access promotes the institutional integrity of the judicial branch, ensures basic fairness, and deters official misconduct.  *See Oberg*, 105 F.4th at 172–73.

The First Amendment right of access can only be restricted if there is "a compelling governmental interest" that is "narrowly tailored."  *See Pub. Citizen*, 749 F.3d at 266 (cleaned up).  Some private interests can also overcome a First Amendment right of access, but in limited circumstances.  *See Doe*, 962 F.3d at 147–48 (concluding a First Amendment right of access can yield to "a compelling interest" and analyzing both the defendant's and government's interests in sealing documents).

Here, the defendants have not overcome the public's right of access to this evidence.  The video at issue captures the entirety of the interaction between Mr. Duncan and Deputy Whitaker that forms the basis for Mr. Duncan's First and Fourth Amendment claims.  Along with the testimony of Mr. Duncan and Deputy Whitaker, it is key evidence as to whether Deputy Whitaker violated Mr. Duncan's constitutional rights to be free from unreasonable or retaliatory seizures of his person.

Mr. Duncan opposes sealing of the video, except to the extent needed "to protect truly private information of uninvolved third parties through narrowly tailored redactions."  Doc. 50 at 2.  In this case, Mr. Duncan does not identify any such "truly

3

private information" or other portions in need of redaction.  The defendants also do not identify any portions of the video needing different treatment from the whole.

Federal courts in North Carolina routinely deny motions to seal videos from body worn cameras used by law enforcement officers when filed in connection with summary judgment motions.  *See, e.g., Wilson as Adm'r of Est. of Matthew Brian Wilson v. Davidson Cnty. Sheriff's Off.*, No. 24-CV-219, 2026 WL 1493690, at *9 (M.D.N.C. May 28, 2026); *Allen v. Mills*, No. 23-CV-557, 2025 WL 662652, at *15 (M.D.N.C. Feb. 21, 2025); *Anderson v. Winston-Salem Police Dep't,* No. 20-CV-596, 2022 WL 3586022, at *22 (M.D.N.C. Aug. 22, 2022); *Pegram v. Williamson*, No. 18-CV-828, 2022 WL 541495, at *28 (M.D.N.C. Feb. 23, 2022); *see also Sides v. Kimbrough*, No. 23-CV-502, 2024 WL 99490, at *10 (M.D.N.C. Jan. 9, 2024) (denying motion to seal such footage submitted in support of a motion to dismiss); *Knight Est. of Graham v. City of Fayetteville*, 234 F. Supp. 3d 669, 683 (E.D.N.C. 2017) (dash-cam video).  In cases where sealing has been authorized, there have been other compelling concerns, such as privacy rights, *see, e.g., Craven v. Novelli*, 661 F. Supp. 3d 430, 458 (W.D.N.C. Mar. 13, 2023), or security issues within a jail.  *Caporasso v. Barnes*, No. 23-CV-825, 2025 WL 3300248, at *16 (M.D.N.C. July 21, 2025); *Pacheco v. Anderson*, No. 5:24-CV-41, 2025 WL 3755591, at *6 (W.D.N.C. Dec. 29, 2025).  No such interests are apparent from viewing the video, and the defendants have presented no evidence and made no showing that any such interests are affected here.

The defendants contend the video "contains body worn camera footage that is protected pursuant to N.C.G.S. § 132-1.4A(g)."  Doc. 39 at ¶ 2.  They ask that the video

4

be sealed to "ensure that statutory confidentiality" under that statute is maintained. *Id.* at ¶ 4; *see* Doc. 40 at 5 (relying upon "confidential" nature of the records).

"When a state statute prohibiting disclosure is the source of the governmental interest in sealing, district courts should first determine if the relevant records are covered by the statute and, if so, determine whether the right of access nevertheless outweighs the state's interest in sealing." *Scott v. City of Durham*, No. 20-CV-558, 2022 WL 767557, at *2 (M.D.N.C. Mar. 14, 2022) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)).

First, § 132-1.4A(g) does not require confidentiality of all body-worn camera footage. Indeed, the statute itself provides a number of ways such videos can be disclosed, including a broad category authorizing release "pursuant to court order." § 132-1.4A(g). As a number of courts have held, the statute's "strict procedural requirements . . . do not apply to the handling of law enforcement recordings in, at least, the formal portions of federal litigation," as here. *Allen*, 2025 WL 662652, at *14; *accord Sides*, 2024 WL 99490, at *10; *see also Pegram*, 2022 WL 541495, at *27 (quoting *Robinson v. Bowser*, No. 12-CV-301, 2013 WL 3791770, at *7 (M.D.N.C. July 19, 2013) (questioning whether this statute "should play a role in this Court's assessment of the propriety of sealing judicial documents" (cleaned up)).

Second, the factors identified in the North Carolina statute favor public access. The statute states that "[i]n determining whether to order the release of all or a portion of the recording, in addition to any other standards the court deems relevant, the court shall

5

consider the applicability of all of the following standards." N.C. Gen. Stat. § 132-1.4A(g).

> (1) Release is necessary to advance a compelling public interest.
> (2) The recording contains information that is otherwise confidential or exempt from disclosure or release under State or federal law.
> (3) The person requesting release is seeking to obtain evidence to determine legal issues in a current or potential court proceeding.
> (4) Release would reveal information regarding a person that is of a highly sensitive personal nature.
> (5) Release may harm the reputation or jeopardize the safety of a person.
> (6) Release would create a serious threat to the fair, impartial, and orderly administration of justice.
> (7) Confidentiality is necessary to protect either an active or inactive internal or criminal investigation or potential internal or criminal investigation.
> (8) There is good cause shown to release all portions of a recording.

*Id.*

By definition, the public's First Amendment right of access to summary judgment materials is a compelling interest favoring release. The public has a particularly strong interest in evaluating whether law enforcement officers are upholding the Constitution, and the video of the interaction at issue is key evidence in evaluating whether such constitutional violations occurred. Release is necessary to advance a compelling public interest in access to summary judgment records, and it is essential evidence in this case. § 132-1.4A(g)(1), (3).

The defendants identify nothing in the videos that is "of a highly sensitive personal nature," § 132-1.4A(g)(4), that would "harm the reputation or jeopardize the safety of a person," § 132-1.4A(g)(5), or that would "create a serious threat to the fair, impartial, and orderly administration of justice." § 132-1.4A(g)(6). Defendants also have not demonstrated that "[c]onfidentiality is necessary to protect either an active or

inactive internal or criminal investigation or potential internal or criminal investigation." § 132-1.4A(g)(7).

Defendants maintain that "law enforcement agency recordings . . . are confidential," and they say that "civil or criminal sanctions can be imposed for disclosure of such information to the public." Doc. 40 at 4-5. But they cite no specific state law or statute for these propositions. *Id.* To the extent they rely on N.C. Gen. Stat § 132-1.4A(g) for these propositions, as they suggest in the motion, Doc. 39 at ¶¶ 2, 4, that argument is circular and conclusory. *See Gray Media Grp.*, 155 F.4th at 340.

Similarly, the defendants rely upon their efforts to obtain a protective order governing the confidentiality of the video. Doc. 39 at ¶ 4. But the protective order sought and entered here, as in other similar cases, explicitly recognizes that "such confidentiality designations do not themselves justify sealing." *Wilson*, 2026 WL 1493690, at *8; *see* Doc. 24-1 at p. 3, ¶ 7; Doc. 51 at p. 3, ¶ 7. It is well recognized that "dispositive motions put protected documents on a 'wholly different footing.'" *Franklin v. City of Charlotte*, No. 3:20-CV-330, 2021 WL 5443566, at *3 (W.D.N.C. Nov. 19, 2021) (quoting *Va. Dep't of State Police*, 386 F.3d at 576).

The defendants contend that they are "unaware of any common law or First Amendment presumption of access to . . . law enforcement agency recordings." Doc. 40 at 4-5. That may be so generally, but in the relevant context of judicial records the representation borders on the frivolous. The very cases cited by the defendants recognize that there is a public right of access to all judicial records, and the case law providing a First Amendment right of access to summary judgment materials is well-established.

7

Indeed, defense counsel or their law firm have represented defendants in several of the civil rights cases cited above where courts have denied motions to seal body worn camera footage submitted at summary judgment. *Gray Media Grp.*, 155 F.4th at 340 (holding that a defendant officer "failed to meet the high burden of demonstrating that her right to a fair trial would overcome [the news outlet's] *clear and indisputable right of access* to [police body-cam] video exhibits" (emphasis added)); *Craven*, 661 F. Supp. 3d at 458; *Knight*, 234 F. Supp. 3d at 683.[1] If counsel is "unaware" of this law, it is due to their own failure to adequately research the applicable law. Counsel is reminded of their obligations under Rule 11 of the Rules of Civil Procedure.

In sum, the public has a First Amendment right of access to evidence offered in connection with summary judgment motions and the defendants have offered no meaningful reason that key evidence from the body-worn camera footage should be kept secret. The motion to seal the video will be denied. Because the video manually filed with the Clerk is password protected, the Court will require the defendants to file a copy without that protection.

### B. Medical Records

As noted, the defendants also filed some of Mr. Duncan's medical records under seal. Doc. 43.

---

[1] Another case in which defense counsel filed an unsuccessful motion to seal a body-worn camera video is *Wilson*, 2026 WL 1493690, at *9, decided after the motion to seal was filed in this case.

Under Local Rule 5.4(c)(3), "[n]o motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection." Here, the defendants only state in general terms that Mr. Duncan's medical records should be sealed because they contain "personal health information" of a kind not readily available to the public. Doc. 39 at ¶¶ 6, 8; *see* Doc. 40 at 5. This is not a sufficiently specific showing for sealing Mr. Duncan's medical records, where parts of them are central to the Court's summary judgment determination. *Gray Media Grp.*, 155 F.4th at 340.

Mr. Duncan also filed a copy of his medical records, in substantially identical form, and he did not move to file them under seal, under Local Rule 5.4(c)(2). *See* Docs. 45–46.[2] Likewise, he has not filed any further statement in support of sealing the copy of his medical records filed by the defendants. *See* Local Rule 5.4(c)(3) or (c)(4). The medical records do not appear to contain any information that is particularly sensitive or embarrassing, and they are pertinent to the Court's resolution of Mr. Duncan's claims. *See* Docs. 43, 46; *see also* Doc. 45 at 15-16 (describing contents of his medical records); Doc. 48 at 17 (same). Although the medical records contain Mr. Duncan's date of birth, Mr. Duncan has waived protection of this information by filing a copy of his medical records without redaction and not under seal. Fed. R. Civ. P. 5.2(h). Sealing of the medical records thus is not warranted.

---

[2] The medical records filed by Mr. Duncan are identical in substance to the medical records filed by the defendants, except that they contain a cover page, a letter of transmittal page, a second cover page, different formatting, and a more complete medications list. *See* Doc. 46 at 1–3, 7–8.

9

It is **ORDERED** that:

1.  The defendants' motion to seal, Doc. 39, is **DENIED**.

2.  No later than 14 days from the date of this order, the defendants **SHALL** make a manual filing of the video with the Clerk, not under seal and not password protected, accompanied by a notice of manual filing of the same.

3.  The Clerk **SHALL** unseal the medical records at Docs. 43 and 46.

This the 10th day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE